GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
RUSSELL W. CHITTENDEN (CA Bar No. 112613)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Email: russell.chittenden@usdoj.gov
    Telephone: (213) 894-2444
    Fax:   (213) 894-7819
ARLENE M. EMBREY (FL Bar No. 125539)
Trial Attorney
U.S. Small Business Administration
409 3rd Street, S.W., 7th Floor
Washington, D.C. 20416
Email: arlene.embrey@sba.gov
Telephone: (202) 205-6976
Fax:   (202) 481-0324

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV10 4316 CAS (MANx) |
| Plaintiff, | Consent Order |
| v. | |
| GKM SBIC, L.P. | |
| Defendant. | |

1

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for the appointment of the SBA as Receiver for GKM SBIC, LP ("GKM"). The Court, being fully advised as to the merits, and based upon the consent of the parties that this order be entered on or after June 1, 2010, believes this relief should be granted.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of GKM, and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of GKM to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of GKM's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of GKM under applicable state and federal law and by the Certificate of Limited Partnership and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of GKM are hereby dismissed. Such persons shall have no authority with respect to GKM's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of GKM and shall pursue and preserve all of its claims.

3.  The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of GKM, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. GKM shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of GKM as well as the names, addresses and amounts of claims of all known creditors of GKM. All persons having control, custody or possession of any assets or property of GKM, including its former General Partners are hereby directed to turn such property over to the Receiver.

4.  The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees,

limited partners, creditors, debtors and agents of GKM. All persons and entities owing any obligations or debts to GKM shall, until further order of this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if GKM had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of GKM, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court,

transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. In accordance with the Federal Rules of Civil Procedure and if so requested by the Receiver, GKM's past and/or present officers, directors, agents, managers, general partners, limited partners, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and of banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer or provide answers, to all questions put to them by the Receiver regarding the business of GKM, or any other matter relevant to the operation or administration of the GKM receivership or the collection of funds due to GKM. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of GKM or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to GKM, the Receiver shall provide notice of such to such persons in accordance with the Federal Rules of Civil Procedure.

7. In accordance with 15 U.S.C. 687c, the parties or prospective parties to any and all civil legal proceedings wherever located, including, but

not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving GKM or any assets of GKM, involving GKM or its present or past officers, directors, managers, or general partners (including the managers or members of such general partner) or the Receiver, sued for, or in connection with, any action taken by them while acting in such capacity are hereby enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding until further Order of this Court.

8. In accordance with 15 U.S.C. §687c, all civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving GKM or any of its assets or any action of any nature taken by GKM's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) sued for, or in connection with, any action taken by them while acting in their official capacity, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. GKM and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or

participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of GKM to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of GKM, from the SBA, up to $1,000,000, and is authorized to cause GKM to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of GKM, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of GKM.

11. This Court determines and adjudicates that GKM has violated 13 C.F.R. § 107.1830(b) and 13 C.F.R. § 107.507(a) of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in

accordance with this Order, the Receiver may recommend that GKM's license as an SBIC be revoked.

DATED: 7/19/10

_Christina A. Snyder_
UNITED STATES DISTRICT JUDGE

Presented by:

GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
RUSSELL W. CHITTENDEN
Assistant United States Attorney

_/s/_
Arlene M. Embrey, Esq.
Counsel for United States Small Business Administration

_/s/_
Michael R. Wyatt, Esq.
Hogan & Hartson, LLP
Counsel for Defendant